Brian S. King, #4610
Brent Newton, #6950
Nediha Hadzikadunic, #15851
**BRIAN S. KING, P.C.**
336 South 300 East, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
brent@briansking.com
nediha@briansking.com

Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| ROBERT H., and M.H., | PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CIGNA HEALTH AND LIFE INSURANCE COMPANY'S SHORT FORM DISCOVERY MOTION |
|---|---|
| Plaintiffs, | |
| vs. | Civil No. 2:18-cv-00918 DB |
| CIGNA HEALTH and LIFE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiffs, through their undersigned counsel, file their Memorandum in Opposition to Cigna Health and Life Insurance Company's Short Form Discovery Motion.

The Complaint in this case has two causes of action. The first alleges wrongful denial of ERISA plan benefits. The second alleges violation of the federal Mental Health Parity and Addiction Equity Act ("MHPAEA"). All the discovery requests at issue are directed to the MHPAEA claim, not the claim alleging wrongful denial of ERISA benefits based on the ERISA plan terms. As such, the discovery limitations for wrongful ERISA benefit denials identifed in

*Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151 (10th Cir. 2010) are inapplicable to this discovery dispute.

Tenth Circuit precedent holds that claims brought for violation of the statutory duties of ERISA do not require claimants to exhaust pre-litigation appeal remedies prior to filing suit. *Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1203-1206 (10th Cir. 1990). *Jensen v. Solvay Chemical, Inc.,* 520 F.Supp.2d 1356, 1358-1359 (D. Wyo. 2007) explains that an ERISA plan and its administrators may not effectively take on the role of a federal judge and become the arbiters of when they comply with statutory requirements. The MHPAEA cause of action alleges that Cigna has violated federal statute. The Plaintiffs and this Court must be allowed to have the facts necessary to evaluate this allegation. Without the discovery responses, they will be unable to do so.

One of the primary things Plaintiffs seek in the discovery is information that allows them to evaluate the extent to which the Plan provided mental health and substance use disorder benefits with treatment limitations that were no more stringent than the benefits provided for medical and surgical disorders. The Final Rules promulgated for MHPAEA require ERISA plans and their claim administrators to provide upon request in the pre-litigation appeal process the medical necessity criteria utilized by an ERISA plan not just for mental health and substance use disorders but also for the analogous levels of care for medical and surgical disorders. 29 C.F.R. §2590.712(d)(1)-(3). And over a half dozen MHPAEA cases in the last three years identify the need or potential need for discovery of the type the Plaintiffs seek in their requests. See, e.g., *Timothy D. v. Aetna Health & Life Ins. Co.,* 2019 U.S. Dist. LEXIS 100388, *12 (D. Utah 2019).

Cigna asserts for each of Plaintiffs' interrogatories that the Plaintiffs' MHPAEA claim is "groundless." But Cigna's prediction of the outcome of the claim on the merits can never, by

itself, justify a refusal to respond to discovery. The Court's review of the substance of the MHPAEA allegations will determine whether they are meritorious. The discovery requests are narrowly drafted and specifically relate to the MHPAEA allegations in the Complaint. Even if the MHPAEA claim fails in the end, that possible outcome alone is not a basis to refuse to respond to discovery that is reasonably calculated to lead to the discovery of admissible evidence.

Dated this 2nd day of October, 2019.

/s/ Brian S. King
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to all participants registered to receive notices through the Court's Electronic Filing/Case Management System, including:

Jack M. Englert, Jr.
HOLLAND & HART LLP
6380 South Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
jenglert@hollandhart.com

James L. Barnett
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
jbarnett@hollandhart.com

Dated this 2nd day of October, 2019.

/s/ Brian S. King